UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
DANIA HARRIS, a/k/a DANIA PLATT,

                Plaintiff,                        **COMPLAINT**

      -against-

                                               Plaintiff Demands A
COUNTY OF NASSAU,                                   Trial By Jury
NASSAU COUNTY P.O. THOMAS GOODRICH,
NASSAU COUNTY P.O. MATTHEW MEYER, and
NASSAU COUNTY POLICE DETECTIVE RYAN PRICE,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

        Plaintiff, by her attorneys SIVIN, MILLER & ROCHE, LLP, as and for her complaint herein, alleges as follows, upon information and belief:

## THE PARTIES, JURISDICTION and VENUE

        1.  That at all times herein mentioned, plaintiff was and is a United States citizen, and a citizen of the State of South Carolina.

        2.  That at all times herein mentioned, defendant the County of Nassau (hereinafter "the County") was and is a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

        3.  That at all times herein mentioned, defendant Nassau County P.O. Thomas Goodrich (hereinafter "Goodrich") was and is a citizen of the State of New York.

        4.  That at all times herein mentioned, defendant Nassau County P.O. Matthew Meyer (hereinafter "Meyer") was and is a citizen of the State of New York.

        5.  That at all times herein mentioned, defendant Nassau County Police Detective Ryan Price (hereinafter "Price") was and is a citizen of the State of New York.

6. That this Court has jurisdiction over this action in that some of the causes of action herein arise under 42 U.S.C. § 1983.

7. That this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states.

8. That venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(a) in that the events giving rise to this action occurred in this district.

9. That at all times herein mentioned, the County operated, controlled, managed, and maintained the Nassau County Police Department (hereinafter the "NCPD").

10. That prior to the institution of this action and within ninety (90) days from the date when the state-law causes of action accrued herein, a notice of claim and intention to sue was duly served upon and filed with the defendants on behalf of plaintiff; that this action was not commenced until the expiration of thirty (30) days after such notice of claim and intention to sue was presented and the defendants have neglected and/or refused to make adjustment or payment thereon, and this action is being commenced within one year and ninety days after the state-law cause of actions accrued herein.

11. That at all times herein mentioned, Goodrich was employed as a police officer with the NCPD.

12. That at all times herein mentioned, Goodrich was acting within the course and scope of his employment with the NCPD.

13. That at all times herein mentioned, Goodrich was acting under color of state law.

14. That at all times herein mentioned, Meyer was employed as a police officer with the NCPD.

15. That at all times herein mentioned, Meyer was acting within the course and scope of his employment with the NCPD.

16. That at all times herein mentioned, Meyer acting under color of state law.

17. That at all times herein mentioned, Price was employed as a police detective with the NCPD.

18. That at all times herein mentioned, Price was acting within the course and scope of his employment with the NCPD.

19. That at all times herein mentioned, Price was acting under color of state law.

20. That all of the causes of action pleaded herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules § 1602 with respect to joint and several liability.

## FACTS

21. Plaintiff repeats and realleges each and every allegation contained above as though fully set forth at length herein.

22. On the evening of March 23, 2021, plaintiff and another individual named Ralph Hayes were seated inside a motor vehicle that was parked in the parking lot of a Holiday Inn Hotel located in the City of Carle Place, in the County of Nassau, State of New York. The motor vehicle was registered in plaintiff's name, and plaintiff was seated in the driver's seat.

23. While plaintiff and Hayes were seated inside the parked motor vehicle, Goodrich and Meyer approached the motor vehicle and, without any legal justification, began questioning plaintiff and Hayes.

24. During the course of this questioning, Goodrich and/or Meyer told plaintiff that the windows on her vehicle were illegally tinted, when in fact they were not.

25. In response, plaintiff advised Goodrich and Meyer that the officers were incorrect, and that the vehicle's windows were not illegally tinted.

26. Then, without permission or consent, Goodrich or Meyer opened the passenger door of the vehicle.

27. Goodrich and/or Meyer then told plaintiff and Hayes that they smelled a strong odor of marijuana coming from the inside of the vehicle, and they ordered plaintiff and Hayes to exit the vehicle.

28. In fact, there was no odor of marijuana in or around the vehicle, and the statement made to plaintiff and Hayes that the officers detected such an odor was a fabrication.

29. Nevertheless, plaintiff and Hayes complied with Goodrich and Meyer's directive and exited the vehicle.

30. After plaintiff and Hayes exited the vehicle, Goodrich conducted a search of the inside of the vehicle.

31. The search of the vehicle was conducted over plaintiff's protestations and without her consent, without a warrant, without probable cause or reasonable suspicion to believe that plaintiff or Hayes had committed or were about to commit a crime or criminal violation, and without any other justification.

32. At the time of the incident, plaintiff, who had no criminal record, held a Concealed Weapons Permit issued from the State of South Carolina.

33. At the time of the incident, a handgun legally registered to plaintiff was located inside the center console of the motor vehicle, and was not in plain view.

34. During his search of the vehicle, Goodrich recovered the firearm, which plaintiff then readily admitted to owning.

35. Goodrich's recovery of the firearm was the result of an illegal search of plaintiff's vehicle.

36. After recovering the firearm, Goodrich and/or Meyer handcuffed plaintiff and the officers then forcibly transported plaintiff to a police precinct, where she was interrogated by Price.

37. Following plaintiff's arrest, Goodrich also initiated and/or caused to be initiated a criminal prosecution of plaintiff, in which plaintiff was charged with multiple counts of criminal possession of a weapon and with illegally using a mobile phone device while driving.

38. Plaintiff in fact had not been illegally using a mobile phone device while driving, and neither Goodrich nor Meyer observed plaintiff doing so; accordingly, Goodrich lacked probable cause to believe that plaintiff was guilty of such a crime or violation.

39. Goodrich also lacked probable cause to believe that any prosecution of plaintiff for criminal possession of a weapon could succeed, since he knew, among other things, that the weapon was recovered as a result of an illegal search of plaintiff's vehicle.

40. In support of the aforesaid prosecution, Goodrich, Meyer, and Price also made material, false statements, both in writing and verbally, to prosecutors and to fellow officers about the circumstances of their interaction with plaintiff and the grounds for plaintiff's arrest and prosecution.

41. Among the false statements made by Goodrich and Meyer were that 1) plaintiff was observed by the officers operating her mobile telephone while driving from a roadway into the Holiday Inn parking lot; 2) plaintiff's windows were illegally tinted;

3) the officers detected a strong odor of marijuana in the car; and 4) in response to the officers' accusation that they smelled marijuana, Hayes told the officers, "I don't think there's anything left in the car we smoked earlier in the day."

42. Among the false statements made by Price were that, during his interrogation of plaintiff at the precinct, 1) plaintiff told Price that Goodrich recovered the firearm only after plaintiff first volunteered that there was a firearm in the center console of the vehicle; and 2) plaintiff told Price that she knowingly transported the firearm from South Carolina to New York.

43. In support of the prosecution, Price also coerced, cajoled and/or tricked plaintiff into signing a statement that was written out by Price, and which plaintiff unwittingly and unknowingly implied that 1) Goodrich recovered the firearm only after plaintiff first volunteered that there was a firearm in the center console of the vehicle and 2) plaintiff knowingly transported the firearm from South Carolina to New York.

44. The aforementioned false statements and actions by Goodrich, Meyer, and Price were designed to convince, and had the affect of convincing, a judge and jury not only that plaintiff was guilty of the crimes and offenses with which she was charged, but also that the officers were justified in their search and seizure of plaintiff and their search of plaintiff's vehicle, such that the prosecution of plaintiff would succeed.

45. As a result of the false statements and other actions of Goodrich, Meyer, and Price, plaintiff suffered a significant deprivation of her liberty, including but not limited to being detained in police custody overnight, being charged with crimes with which she otherwise would not have been charged, being restricted in her travel, and having to appear in court to defend against the criminal charges.

6

46. While in police custody, plaintiff complained to defendants that the manner in which she was handcuffed was causing her extreme pain and discomfort, due in part to prior neck and back injuries that plaintiff suffered.

47. Despite her repeated protestations and requests that her handcuffs be removed or at least loosened, plaintiff's requests were ignored, causing her to suffer additional unnecessary pain and discomfort, and an aggravation and exacerbation of her preexisting neck and back injuries.

48. On or about August 30, 2021, after plaintiff had been prosecuted for a period of over five months, the Office of the District Attorney of Nassau County advised plaintiff, through her counsel, that certain statements made by Goodrich and Meyer in support of plaintiff's prosecution were inaccurate and inconsistent with video surveillance evidence obtained from cameras posted in the Holiday Inn parking lot.

49. On or about June 17, 2022, all of the criminal charges against plaintiff were dismissed and the criminal proceeding terminated favorably to plaintiff.

50. At all times herein mentioned, Goodrich, Meyer, and Price observed and/or were otherwise aware of the illegal and unconstitutional actions of their fellow officers, had reasonable opportunities to intervene to prevent and/or stop those actions, and deliberately failed and refused to do so.

51. The aforementioned actions by Goodrich, Meyer, and Price were intentional and malicious in nature.

52. As a result of defendants' actions, plaintiff endured and will continue to endure physical and emotional pain and suffering and loss of enjoyment of life, suffered a

significant loss of liberty, incurred attorney's fees and other economic loss, and was otherwise damaged.

### FIRST CAUSE OF ACTION AGAINST GOODRICH and MEYER
(42 U.S.C. § 1983: Illegal Search and Seizure)

53. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

54. The aforesaid actions by Goodrich and Meyer in opening the door to plaintiff's vehicle without plaintiff's consent, directing plaintiff to exit the vehicle, conducting a warrantless search of the vehicle, and handcuffing plaintiff, and/or allowing their fellow officers to engage in the aforesaid conduct, rather than intervening to prevent and/or stop that conduct, constituted illegal and unreasonable searches and seizures of plaintiff in violation of the proscription against unreasonable searches and seizures contained in the Fourth Amendment to the United States Constitution, and entitle plaintiff to recover monetary damages under 42 U.S.C. § 1983.

### SECOND CAUSE OF ACTION AGAINST GOODRICH, MEYER and PRICE
(42 U.S.C. § 1983: False Arrest/Imprisonment)

55. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

56. The aforesaid actions by Goodrich, Meyer, and Price in forcibly detaining, arresting, and imprisoning plaintiff without a warrant and without probable cause or other legal justification, and/or in allowing their fellow officers to engage in the aforesaid conduct, rather than intervening to prevent and/or stop that conduct, constituted a false arrest and false imprisonment of plaintiff in violation of the proscription against unreasonable seizures contained

in the Fourth Amendment to the United States Constitution, and entitle plaintiff to recover monetary damages under 42 U.S.C. § 1983.

### THIRD CAUSE OF ACTION AGAINST GOODRICH and THE COUNTY
(Malicious Prosecution Under NY State Law)

57. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

58. The aforesaid actions by Goodrich in initiating and/or causing to be initiated the prosecution of plaintiff, constituted a malicious prosecution of plaintiff, for which Goodrich is liable under New York State law and for which the County is vicariously liable under the doctrine of respondeat superior.

### FOURTH CAUSE OF ACTION AGAINST GOODRICH
(42 U.S.C. § 1983: Malicious Prosecution)

59. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

60. The aforesaid actions by Goodrich in initiating and/or causing to be initiated the prosecution of plaintiff, constituted a malicious prosecution of plaintiff in violation of the proscription against unreasonable seizures contained in the Fourth Amendment to the United States Constitution, and entitle plaintiff to recover monetary damages under 42 U.S.C. § 1983.

### FIFTH CAUSE OF ACTION AGAINST GOODRICH, MEYER, and PRICE
(42 U.S.C. § 1983: Denial of Right to Fair Trial)

61. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth herein.

62. The aforementioned false statements and other actions by Goodrich, Meyer, and Price, and the resulting deprivation of plaintiff's liberty, constituted a denial of plaintiff's right to a fair trial, in violation of rights guaranteed to plaintiff under the Fifth, Sixth, and

Fourteenth Amendments to the U.S. Constitution, and entitle plaintiff to recover damages under 42 U.S.C. § 1983.

    WHEREFORE, plaintiff demands judgment in the form of compensatory damages against defendants, and each of them, in an amount to be determined by the trier of fact, together with punitive damages against Goodrich, Meyer, and Price in an amount to be determined by the trier of fact, and plaintiff demands attorneys' fees against Goodrich, Meyer, and Price pursuant to 42 U.S.C. § 1988, and plaintiff demands the costs and disbursements of this action.

Dated: New York, New York
    July 25, 2023

              Yours, etc.
              SIVIN, MILLER & ROCHE, LLP

          By <u>s/ Edward Sivin</u>
              Edward Sivin
              Attorneys for Plaintiff
              20 Vesey Street, Suite 1400
              New York, NY  10007
              (212) 349-0300